UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA FOR
AN ORDER PURSUANT TO
18 U.S.C. § 2703(d) FOR THE
DISCLOSURE OF RECORDS AND
HISTORICAL CELL SITE
(i.e. TOWER/SECTOR)
INFORMATION FOR TELEPHONE
NUMBER ▊▊▊▊-5076

MISC. NO. 18 mj 1004 SRU

**FILED UNDER SEAL**

March 4, 2014

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, through Deirdre M. Daly, United States Attorney for the District of Connecticut, by Tracy Lee Dayton, Assistant United States Attorney, hereby moves this Court pursuant to 18 U.S.C. § 2703(d) for an Order: (1) requiring Cingular Wireless, a cellular service provider, to disclose historical cell site (i.e., tower / sector) information, for the period of July 1, 2013 through December 31, 2013, pertaining to the cellular telephone number ▊▊▊▊-5076, as described in Part I of Attachment A hereto and to the proposed Order (hereafter "Attachment A"), (2) precluding Cingular Wireless from disclosing to the subscriber or customers or to any other person this Application, any order issued in connection with this Application, or the fact of disclosure of such records to the requesting governmental entities or the existence of this investigation, pursuant to 18 U.S.C. § 2705(b); and (3) sealing this Application, the Court's Order, and any related documents.

In support of this application, the undersigned states as follows:

## LEGAL BACKGROUND

1.	The undersigned is an attorney for the government as defined by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and therefore pursuant to 18 U.S.C. § 2703(c)-(d) may apply for an Order as requested herein.

2.	Cingular Wireless is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Cingular Wireless to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(1) and (2).

3.	This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

4.	A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the . . . records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

5.	I am advised of the following information by Special Agent Michael Zeppieri of the Bureau of Alcohol, Tobacco and Firearms ("ATF").

6. Special Agent Zeppieri is currently working with other members of the ATF, as well as with members of the New Haven Police Department ("NHPD") and other law enforcement officials to investigate ▮▮▮▮▮, a.k.a. "▮▮▮▮▮", a.k.a. "▮▮▮▮" and their associates for activities in violation of Title 18, United States Code, Section 1959 (Violent Crimes in Aid of Racketeering). Because this application is being submitted for the limited purpose of obtaining a court order for certain records from Cingular Wireless, I have not included each and every fact regarding this investigation.

7. The ATF is currently conducting an investigation into the activity of a street gang in New Haven, Connecticut, known as the Red Side Guerilla Brims ("RSGB"), which is a set of the Bloods. ▮▮▮▮▮ and ▮▮▮▮▮ are known to be members of RSGB.

8. On August 15, 2013, ▮▮▮▮▮ a ranking member of Slut Wave, a street gang that is a rival of the RSGB, was shot and killed in New Haven. Based on intelligence information, a group known as the Playboys was responsible for ▮▮▮▮▮ murder. It is believed by investigators that the Playboys are either a subset of RSGB or a training ground for prospective members of the RSGB. An eyewitness to ▮▮▮▮▮ murder stated that the shooter fled in a white Chrysler 300.

9. On September 5, 2013, NHPD arrested ▮▮▮▮▮ for possession of narcotics, amongst other traffic violations. Notably, at the time of the arrest, ▮▮▮▮▮ was driving a white Chrysler 300. During a post-arrest interview, an NHPD investigator interviewed ▮▮▮▮▮ ▮▮▮▮▮ stated, among other things, that he utilized the **Target Telephone**. The **Target Telephone** was also the number that ▮▮▮▮▮ provided to his state probation officer as the number at which to contact him.

3

10. On September 16, 2013, a NHPD confidential informant ("CI") conducted a controlled purchase of 10 bags of heroin from ▉▉▉▉ ▉▉▉▉ was operating a white Chrysler 300 during the transaction. Again, this is the same type of car utilized by the individual who shot and killed ▉▉▉ ▉▉▉.

11. On October 8, 2013, law enforcement officers placed ▉▉▉▉ under arrest in connection with an armed robbery that took place in New Haven on approximately August 25, 2013. During a post-arrest interview, ▉▉▉▉ informed investigators that he and ▉▉▉▉ had committed multiple armed robberies in and around New Haven between August and September 2013.

## REQUEST FOR ORDER

12. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individuals who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Cingular Wireless be directed to produce all items described in Part II of Attachment A to the proposed Order.

13. The United States further requests that the Order require Cingular Wireless not to notify any person, including the subscribers or customers of the account listed in Part I of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. § 2705(b). Such a requirement is justified because the Order relates to an ongoing criminal investigation the full scope and extent of which is neither public nor known to all of the subjects

4

of the investigation. Accordingly, there is reason to believe that notification of the existence of the Order will seriously jeopardize the investigation, including by giving subjects an opportunity to destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

14. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court in order to avoid disclosing the scope and nature of the investigation prematurely; to avoid compromising the ability of law enforcement authorities to develop further evidence, including evidence in the grand jury; to avoid interfering with the ability of law enforcement authorities to secure the testimony of witnesses; and to avoid compromising the potential for law enforcement authorities to seize relevant evidence later in the investigation. In short, premature disclosure of the contents of this application and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

TRACY LEE DAYTON
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv02206
United States Attorney's Office
1000 Lafayette Blvd., 10th Floor
Bridgeport, Connecticut 06604
(203) 696-3000

## ATTACHMENT A

### I. The Telephone Number

The Order applies to certain records and information associated with the following Target Telephone Number: ███-5076

### II. Records and Other Information to Be Disclosed

Cingular Wireless is required to disclose the following records and other information, if available, to the United States for each telephone number listed in Part I of this Attachment (the "Account"), for the time period of July 1, 2013 to December 31, 2013:

- A. The following information about the customers or subscribers of the Account:

    1. Names (including subscriber names);
    2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
    3. Call detail records, including local and long distance telephone connection records;
    4. Length of service (including start date) and types of service utilized;
    5. Telephone or instrument numbers, including Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI")); and
    6. Means and source of payment for such service (including any credit card or bank account number) and billing records.

- B. All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.